# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TITO REYES,** | ) | |
| Plaintiff, | ) | Civil Action No. 10-129 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Sean J. McLaughlin |
| **DEBRA SAUERS,** | ) | Magistrate Judge Susan Paradise Baxter |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by the Commonwealth Defendants [ECF No. 10] be granted. The Clerk of Courts should be directed to close this case.

### II.   REPORT

####   A.   Relevant Procedural History[1]

Plaintiff, a state prisoner, acting pro se, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that on January 12, 2008,

> "Correctional Officers at Unit continued to Order me to work at the kitchen at SCI Forest when I had just returned from receiving eye surgery for the removal of cataracts at the outside hospital. I was on Unit BA, at the time. As a result of the officers ordering me to return immediately after the cataracts were removed I had to work with hazardous chemicals and lost eyesight in my right eye.

---

[1] Plaintiff has filed two previous civil rights actions related to the underlying facts of this case. See Reyes v. Sobina, Civil Action Number 08-67Erie (dismissed on January 8, 2009, appeal affirmed by the United States Court of Appeals for the Third Circuit on August 25, 2009) and Reyes v. Barone, Civil Action Number 08-72Erie (dismissed on January 12, 2009, and appeal dismissed for failure to prosecute by Order dated March 27, 2009).

1

ECF No. 3. The only Defendant named to this action is Debra Sauers, the Superintendent of SCI Forest. Plaintiff seeks monetary damages in the amount of two million dollars.

Presently pending before this Court is the motion to dismiss filed by Defendant Sauers. ECF No. 10. Plaintiff has filed a brief in opposition to the pending motion. ECF No. 18, 19. This matter is ripe for disposition by this Court.

### B. Standards of Review

#### 1) Pro Se Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11(3d Cir. 2009) (emphasis added) (internal citations omitted).

C. **Statute of limitations**

Defendant moves for the dismissal of this action based upon the time-bar of the statute of

4

limitations. Although Plaintiff has filed a brief in opposition to the pending motion, he does not address the statute of limitations argument.

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations. Wilson v. Garcia, 471 U.S. 261, 266 (1985) (later overruled only as to claims under the Security Exchange Act of 1934). Here, this Court must look to both the state laws of Pennsylvania and West Virginia. In Pennsylvania, the statute of limitations is two years from the date of the alleged violation. See Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. (Pa.) 2003); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir.(Pa.) 1996). In West Virginia, the state's Medical Professional Liability Act provides for a two year statute of limitations which begins to run from either the date of the injury, within two years of the date when such person discovers, or with the exercise of reasonable diligence, should have discovered such injury, whichever occurs last. See Legg v. Rashid, 222 W.Va. 169 (2008).

The date upon which a § 1983 claim accrues is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994). A claim accrues when the litigant knew or had reason to know of the injury. Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir.1998). Thus, the date when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the defendant, triggers the limitations period. See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period).

This case was filed on May 24, 2010, so in order to be timely filed, all claims must have occurred after May 23, 2008. Any claim before that date, which includes Plaintiff's only claim -

- that he was forced to return to work on January 12, 2008 -- is barred by the statute of limitations. Therefore, this action is time-barred, and the motion to dismiss should be granted.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss filed by the Commonwealth Defendants [ECF No. 10] be granted. The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Federal Rules of Civil Procedure, the parties are allowed fourteen (14) days from the date of service to file written objections to this Supplemental Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

> /s/ Susan Paradise Baxter
> SUSAN PARADISE BAXTER
> United States Magistrate Judge

Dated: May 10, 2011